**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLICE OFFICER TONY GARZELLA, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1626 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DUNMORE, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 32). For the reasons set forth below, the motion will be granted.

## BACKGROUND

On August 11, 2005, Plaintiff filed a Complaint alleging violations of 42 U.S.C. § 1983 and breach of collective bargaining agreement under Pennsylvania state law. (Doc. 1.) On September 6, 2005, Defendants filed an Answer to the Complaint. (Doc. 6.)

On May 15, 2006, Plaintiff filed the present Motion for Leave to File Amended Complaint. (Doc. 32.) Plaintiff's proposed Amended Complaint (Doc. 32-4) alleges that Defendants have retaliated against Plaintiff for filing the present lawsuit, in violation of his First Amendment rights. In particular, Plaintiff alleges that within less than five (5) months after Plaintiff filed the present lawsuit, Defendant Borough of Dunmore ("Borough") passed a resolution ("the Resolution") stating that all police officers had to pass a civil service examination. (Doc. 32-4, ¶ 51.) Plaintiff was one of only two full-time employees affected by the passage of the Resolution, both of whom have pending

1

lawsuits. (Doc. 32-4, ¶ 53.) Plaintiff asserts that the Borough passed the Resolution in retaliation for his having filed the present lawsuit. (Doc. 32-4, ¶ 54.)

This motion is fully briefed and ripe for disposition.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *See Heyl*, 663 F.2d at 425; *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). Merely claiming prejudice, however, is not enough to

prevent the leave from being granted. *See Heyl*, 663 F.2d at 426. The non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party's] amendments been timely." *Id.* When the motion for leave to amend is made before trial begins, prejudice *vel non* generally turns on whether the non-moving party would be able, without undue burden, to conduct any additional discovery necessitated by the amendment. *See, e.g., Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (possibility that some additional discovery would be required was not unduly prejudicial).

In opposing Plaintiff's motion, Defendants argue that Plaintiff's proposed claims became moot once the Resolution was vacated. I disagree.

The First Amendment provides, in part, that "Congress shall make no law . . . abridging . . . the right to petition the Government for a redress of grievances." U.S. Const. amend. I. The First Amendment's Petition Clause, in other words, protects individuals from retaliation for filing non-sham lawsuits, grievances, and other petitions directed at the government or its officials. *See, e.g., San Filippo v. Bongiovanni*, 30 F.3d 424, 439 (3d Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995).

In order to state a viable claim under the First Amendment's Petition Clause, Plaintiffs must show that he petitioned the Government and that the protected activity was a substantial or motivating factor in Defendants' alleged retaliatory action. It is sufficient if Plaintiffs establishes that the exercise of his First Amendment rights played some substantial role in the relevant decision. *Katzenmoyer v. City of Reading*, No. CIV.A 00-5574, 2001 WL 1132374, at *2 (E.D. Pa. Sept. 21, 2001). Further, to

determine whether an employer's acts constitute retaliation, a court must decide whether the alleged acts of harassment are likely to deter a person of ordinary firmness from the exercise of his First Amendment rights.  *McKee v. Har*, No. 04-1442, 2006 U.S. App. LEXIS 345, at *11 (3d Cir. 2006) (citing *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)).  Courts have thus required that the nature of the retaliatory acts committed by an employer be more than *de minimis* or trivial.  *Id.*

In the present case, if Plaintiff can demonstrate that his filing of the present lawsuit was a substantial or motivating factor in Defendants' decision to pass the Resolution, and Plaintiff further establishes that passing the Resolution was likely to deter a person of ordinary firmness from the exercise of his First Amendment rights, then Plaintiff will have demonstrated a violation of his First Amendment rights.  Therefore, Plaintiff's claims are viable.

Furthermore,  I find no indication that granting Plaintiff's request will result in undue prejudice to Defendants.  Therefore, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 32) will be granted.

An appropriate Order follows.

 August 15, 2006                                            /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

POLICE OFFICER TONY GARZELLA,

    Plaintiff,

    v.

BOROUGH OF DUNMORE, et al.,

    Defendants.

NO. 3:05-CV-1626

(JUDGE CAPUTO)

## ORDER

**NOW**, this   15th   day of August, 2006, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 32) is **GRANTED**.

2. The Clerk of Court is directed to detach the Amended Complaint (Doc. 32-4) attached to Plaintiff's Motion and file it of record forthwith. The Amended Complaint shall be deemed to have been served on the date of this Order for the purpose of determining the time for response under Fed. R. Civ. P. 15(a).

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge