# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Police Officer TONY GARZELLA,<br><br>    Petitioner,<br><br>    v.<br><br>BOROUGH OF DUNMORE,<br>BOROUGH OF DUNMORE<br>COUNCIL, et. al.<br><br>    Respondents. | CIVIL ACTION NO. 3:05-CV-01626<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is the issue of whether or not Alan A Symonette, Esq., who served as an arbitrator in the creation of the contract between Dunmore and the Dunmore Police Association, may be compelled to testify in this case. For the reasons discussed below, the motion to Quash will be granted.

## BACKGROUND

On February 4, 2005, Mr. Symonette served as Impartial Chairman of an arbitration panel in the matter of *Dunmore Police Association and the Borough of Dunmore*, Case No. 14 L360 01977 03, 2004 Act 111. On August 11, 2005, the Plaintiff in this case filed a Complaint against Dunmore, et al., alleging unlawful employment conditions as well as breach of contract and breach of the duty of fair representation against the union. On June 5, 2005, counsel for the Plaintiff first contacted Mr. Symonette, advising him that she would be interested in speaking with him about the award issued on February 4, 2005. At that time, Mr. Symonette informed counsel for the Plaintiff that he could not talk to her about the

decision. On June 8, 2006, a letter, as well as a subpoena, was sent to Mr. Symonette. On June 12, 2006, he responded to counsel that he was objecting to the subpoena on the grounds that it was barred by arbitrators' immunity from discovery in such matters. Counsel for the Plaintiff wrote back on June 14, 2006 stating that she sought only background information about the contract; not to overturn the award. Finally, on June 30, 2006, counsel for Mr. Symonette filed this motion to quash the subpoena, as well as a motion to stay his deposition, scheduled for July 6, 2006.  (Plaintiffs voluntarily agreed to stay the deposition until the court ruling.)

## **DISCUSSION**

The primary issue in this case is whether or not Mr. Symonette's role as arbitrator grants him testimonial immunity in this case.  Mr. Symonette primarily relies upon Federal Rule of Civil Procedure 45(c)(3)(A), *Cahn v. Int'l Ladies Garment Union*, 311 F.2d 113 (3d Cir. 1962), and *In re: EquiMed, Inc., The Estate of EquiMed Inc. v Ernst & Young, LLP*, 2005 W.L. 2850373 (E.D.Pa.) Oct. 28, 2005.

Rule 45(c)(3)(A)(iii) states that the court issuing a subpoena shall quash it if it requires disclosure of privileged or other protected matter and no exception or waiver applies.

*Cahn* holds that in "performing quasi-judicial duties, an arbitrator is "clothed with an immunity, analogous to judicial immunity, against actions brought by either of the parties out of his performance of his duties."  *Cahn* at 115.

Finally, *EquiMed* quotes language from *United Food & Commercial Workers Int'l Union v SIPCO, Inc.*, Civ. No. 90-250-B, 1990 U.S. Dist. LEXIS 20210 (S.D. Iowa Oct 16,

1990) stating that arbitral immunity includes testimonial privilege. It also acknowledges a well-recognized exception in which an arbitrator may be deposed regarding claims of bias or prejudice.

In the case before me, Mr. Symonette is relying on a long standing precedent of granting judicial immunity to those serving quasi-judicial roles, such as an arbitrator. This precedent was established in *Cahn*, and cited as recently as 1994 in *Boraks v. American Arbitration Ass'n*, 517 N.W.2d 771, 772 (Mich.App., 1994). Plaintiff's counsel seeks to avoid the problem of immunity by claiming that Mr. Symonette acted as an "interest" arbitrator, whose arbitration pertains to setting new terms and conditions, rather than a "rights" arbitrator, whose arbitration pertains to disputes arising under a preexisting contract. Under the *Cahn* case, "if one is appointed by agreement of parties to act as arbitrator and is empowered to resolve disputes between them" than he qualifies as fulfilling a quasi-judicial role. *Cahn*, 203 F.Supp. 191 at 194. Plaintiff relies on the United States Court of Appeals for the Third Circuit's definition of interest and rights arbitration in *CITGO Asphalt Refining Co. v. The Paper*, 385 F.3d 809, 817 (3d Cir. 2004) FN5 in which the court defines "rights" arbitration using the term "disputes" and does not use "disputes" in their definition of "interest". Plaintiff's counsel, however, mistakes the circuit court's choice of terms for a legal conclusion that an "interest" arbitration does not deal with the resolution of a dispute and therefore would not qualify the arbitrator for immunity. This is not the case, as in both cases the arbitrator is dealing with disputes. The only difference in these terms is that one deals with a future contract, while the other deals with a contract currently in existence. The case of *High Concrete Structures, Inc. v.*

*United Electrical, Radio and Machine Workers of America, Local 166*, 879 F.2d 1215 at 1219 (3d Cir. 1989), uses the term "dispute" to describe what may be resolved by an arbitrator in both "interest" and "rights" arbitration.  This is further bolstered by the use of "dispute" in describing "interest" arbitration in nearly every other circuit.  *See Local Division 589, Amalgamated Transit Union, AFL-CIO, CLC v. Com. of Mass.*, 666 F.2d 618 (1st Cir. 1981), *Silverman v. Major League Baseball Player Relations*, 880 F.Supp. 246 (2nd Cir. 1995), *Local Union No. 637, Intern. Broth. of Elec. Workers, AFL-CIO v. Davis H. Elliot Co., Inc.*, 13 F.3d 129 (4th Cir. 1993), *Sheet Metal Workers Local Union No. 54, AFL-CIO v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464 (5th Cir. 1993), *AK Steel Corp. v. United Steelworkers of America, AFL-CIO-CLC*, 127 F.3d 1102 (6th Cir. 1997), *American Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832 (7th Cir. 1999), and *Sheet Metal Workers' Int'l Assoc, Local 14 v. Aldrich Air Conditioning, Inc.*, 717 F.2d 456 (8th Cir. 1983).  Therefore, there is no reason that the fact that Mr. Symonette participated in what might be described as "interest" arbitration would prevent him from claiming immunity.

Plaintiff's counsel also makes the argument that there is no testimonial privilege for arbitrators.  There is no case law supporting this contention.  *In re: Equimed*, relied upon by Mr. Symonette, cites *United Food & Commercial Workers* which states that "testimonial privilege... subject to exception, has been recognized to protect arbitrators." Counsel for the plaintiff relies on the fact that the *EquiMed* court denied the defendant's motion to quash the subpoena.  However, in *EquiMed*, the court found the situation fell within a known exception to the rule, i.e. that "arbitrators may be deposed regarding

4

claims of bias or prejudice." *Hoeft v MVL Group, Inc.*, 343 F.3d 57, 67 (2d Cir. 2003). There is no known exception in the present case, and counsel has given no other reason that testimonial privilege would not be appropriate.

The final argument advanced by Plaintiff is that, despite a valid immunity claim, the deposition of the arbitrator should be allowed in any event because the probative value of the evidence outweighs the imposition. There is no precedent which supports such an action. Plaintiff relies on two cases, *Bliznik v Int'l Havester Co.*, 87 F.R.D. 490 (N.D. Ill 1980) and *In the Matter of Grand Jury Impaneled*, 541 F.2d 373 (3d Cir. 1976). Both are inapplicable to the present situation. *Bliznik* characterizes the case as "analogous to calling a former juror to testify in an attorney malpractice case." *Bliznik* at 492. In the case before us, the actions of the defendants in adequately representing the Plaintiff are not called into question. *Bliznik* creates only a limited exception to the immunity rule and the facts of this case are not such as to make this exception applicable. *In the Matter of Grand Jury Impaneled*, the court was ruling on whether or not to create a privilege where one had not existed. The Appellant had sought to have privilege granted in cases before a federal grand jury involving records required to be filed by state law under assurances of confidentiality. They then decide by means of a balancing test, that the record in question did not qualify for privilege. This does not apply to the case at hand. Moreover, and in any event, I do not find the circumstances here are such that the immunity claim should give way to the probative value of the deposition

5

## **CONCLUSION**

Based on the reasons stated above, Petitioner Alan Symonette's motion to quash subpoena for deposition will be granted.  An appropriate Order follows.


September 7, 2006                               /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Police Officer TONY GARZELLA,

    Petitioner,

        v.

BOROUGH OF DUNMORE,
BOROUGH OF DUNMORE
COUNCIL, et. al.

    Respondent.

CIVIL ACTION NO. 3:05-CV-01626

(JUDGE CAPUTO)

## ORDER

**NOW,** this 7th day of September 2006, **IT IS HEREBY ORDERED** that Non-Party Arbitrator Alan A. Symonette, Esq. Motion to Quash Subpoena for Deposition and/or Entry of Protective Order and Motion to Stay Deposition Scheduled for July 6, 2006 (Doc. 52) is **GRANTED**.  The subpoena is quashed.

                                                        /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge