# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLICE OFFICER TONY GARZELLA, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1626 |
| v. | |
| BOROUGH OF DUNMORE, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Police Officer Tony Garzella's Motion for Reconsideration (Doc. 119) of the Court's Memorandum and Order (Doc. 117), dated April 13, 2007, in which the Court granted Defendants Borough of Dunmore ("Borough"), Borough of Dunmore Council ("Council"), Borough of Dunmore Civil Service Commission ("Commission"), Borough of Dunmore Police Association ("Association"), Michael Cummings, Joseph Loftus, Thomas Hennigan, Joseph Talutto, Leonard Verrastro, John Barrett, William Gallagher, and Ralph Marino's (collectively "Defendants") Motions for Summary Judgment (Docs. 75 and 78) as to Plaintiff's Amended Complaint (Doc. 62). Plaintiff now seeks the reinstatement of his procedural due process claim (Count I), which was dismissed for failure to exhaust administrative remedies. For the reasons stated below, the Court will deny Plaintiff's motion.

## **BACKGROUND**

The facts of this case are well known to the parties and are described in detail in the Court's Memorandum and Order (Doc. 117), *Garzella v. Borough of Dunmore*, Civ. A. No. 3:05-CV-1626, 2007 WL 1140448 (M.D. Pa. Apr. 13, 2007). As such, the Court need

not recite them here. Relevant to the instant motion are the following facts. Plaintiff has been employed as a police officer for the Borough since 1992. Plaintiff's employment is governed by a collective bargaining agreement ("CBA"). The CBA provided for a grievance and arbitration procedure requiring that any grievance of a police officer shall first be filed with the Council. In the event that the Council denies a police officer's grievance, the police officer must then submit the grievance to binding arbitration pursuant to the rules and regulations of the American Arbitration Association.

Prior to filing his action in this Court, Plaintiff filed a grievance with the Association, the union that represents Borough police officers. However, Plaintiff failed to file a grievance with the Council as required by the CBA. Moreover, Plaintiff did not prosecute his grievance through to arbitration as required by the CBA. Plaintiff does not dispute the fact that he did not proceed through the arbitration process as required by the CBA.

The Court granted Defendants' motions for summary judgment as to Plaintiff's procedural due process claim because Plaintiff did not exhaust administrative remedies.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiff argues, as he did in his opposition to summary judgment, that exhausting his administrative remedies would be futile. Plaintiff also argues that his filing a grievance with the Association, and the Association's failure to represent him, excused his need to exhaust administrative remedies. In addition, Plaintiff contends that he did present sufficient evidence to create a genuine issue of material fact as to whether he exhausted his administrative remedies.

Plaintiff's arguments are misplaced. Plaintiff asks this Court to rethink decisions which have, rightly or wrongly, already been made in the Memorandum and Order (Doc. 117). This is not the purpose of a motion for reconsideration. As such, Plaintiff's motion will be denied.

A motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Dodge v. Susquehanna University*, 796 F. Supp. 829, 830 (M.D. Pa. 1992). *See also Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 239 (W.D. Pa. 1998) ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly"). In summary, a "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion[,] should not provide the parties with . . . a second bite at the apple . . . [, and a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments [previously] considered by the court . . . ." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (internal quotation marks omitted).

Here, Plaintiff attempts to do exactly what is not allowed on a motion for reconsideration, that is, reargue issues which were previously decided by the Court. Whether decided rightly or wrongly, the Court committed no manifest error of law or fact in granting Defendants' motions for summary judgment as to Plaintiff's procedural due process claim. Accordingly, Plaintiff's motion will be denied.

## CONCLUSION

For the above stated reasons, the Court will deny Plaintiff's Motion for Reconsideration. (Doc. 119.)

An appropriate Order follows.

| | |
|---|---|
|  May 15, 2007  |  /s/ A. Richard Caputo  |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLICE OFFICER TONY GARZELLA, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1626 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DUNMORE, et al., | |
| Defendants. | |

## ORDER

**NOW**, this   15th   day of May, 2007, **IT IS HEREBY ORDERED** that Plaintiff Police Officer Tony Garzella's Motion for Reconsideration (Doc. 119) is **DENIED**.

 /s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge